**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY WINSTON UCKELE, | No. 13-17329 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-04969-WHA |
| v. | |
| JOE A. LIZARRAGA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Anthony Winston Uckele appeals the district court's denial of his 28 U.S.C.

§ 2254 petition.  Uckele claims the California Court of Appeal's decision that the

jury in his case reached a unanimous verdict was "based on an unreasonable

determination of the facts in light of the evidence presented," *id.* § 2254(d)(2), and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that the district court erred when it concluded otherwise. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Assuming Uckele's petition properly raises a federal claim, *see* 28 U.S.C. § 2254(a), substantial record evidence supports the California court's conclusion that a jury unanimously found Uckele guilty of twenty counts of lewd or lascivious conduct. *See* Cal. Penal Code § 288 (defining crime of conviction); *People v. Wolfe*, 114 Cal. App. 4th 177, 183–84 (2003) (explaining that a jury is unanimous under California law only when every juror agrees on the ultimate verdict and every juror agrees on the specific act or omission on which the verdict is based). The trial court properly instructed the jury on California's unanimity requirement, *see* CALCRIM 3501 (2007 ed.), repeatedly reminded the jury of its duty to reach a unanimous verdict, and required each juror to validate the verdicts in open court. When polled, each juror certified that he or she reached the verdict on each count in compliance with the unanimity instruction.

Even if jurors disagreed about whether counts three through twenty involved substantial sexual conduct, the California court's unanimity finding was not unreasonable. Although Uckele and his victim both testified that each of their sexual encounters "was either unambiguously substantial sexual conduct or not

---

[1] The parties are familiar with the facts, so we do not recount them here.

substantial sexual conduct," jurors are not required to accept at face value the evidence presented to them. *See United States v. Keyser*, 704 F.3d 631, 638 n.1 (9th Cir. 2012); *People v. Brown*, 59 Cal. 4th 86, 106 (2014) (noting that juries are entitled to weigh a witness's credibility). It is possible that some jurors agreed with their colleagues that a particular encounter involved lewd or lascivious conduct, Cal. Penal Code § 288, but disagreed about whether that encounter also involved substantial sexual conduct, *id.* § 1203.066(b). This type of disagreement is both consistent with the verdicts returned in this case and unanimous under California law. *See People v. Davis*, 36 Cal. 4th 510, 563 (2005) (recognizing that the court has never held the unanimity requirement applies to special findings).

For these reasons, the California court's rejection of Uckele's jury unanimity argument was not unreasonable in light of the facts presented. *See* 28 U.S.C. § 2254(d)(2).

Finally, we do not expand the certificate of appealability because Uckele has not made "a substantial showing of the denial of a constitutional right" on his uncertified claim. *See* 28 U.S.C. § 2253(c)(2); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (whether the trial court admits evidence in violation of state law "is no part of a federal court's habeas review of a state conviction").

**AFFIRMED.**